Case 5:12-cv-00310-DEW-KK Document 60 Filed 04/08/16 Page 1 of 7 PageID #: 10942

RECEIVED
APR 0 8 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| AARON WILSON<br>LA. D.O.C. # 458937 | : | CIVIL ACTION NO: 5:12-cv-310 |
| | : | SECTION P |
| VERSUS | | |
| | : | JUDGE DONALD E. WALTER |
| BURL CAIN | | |
| | : | MAG. JUDGE KATHLEEN KAY |

### MEMORANDUM RULING

Before the court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by petitioner Aaron Wilson ("petitioner"). [Doc. #1]. This matter was referred to the Magistrate Judge for Report and Recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. On February 4, 2016, the Magistrate Judge recommended that the application be granted as to petitioner's claim attacking his mandatory sentence of life without parole, but denied as to petitioner's claims under *Batson v. Kentucky*, 476 U.S. 79 (1986). [Doc. #57]. Petitioner, through counsel, objected to the denial of his *Batson* claims. [Doc.#58]. The state did not respond to petitioner's objection.

After *de novo* review, the court reaches the same result of the Report and Recommendation, and will grant habeas relief on the sentencing claim but deny it as to the *Batson* claims. The Court agrees that the Supreme Court's recent decision in *Montgomery* v. *Louisiana*, 136 S. Ct. 718 (2016), has rendered petitioner's mandatory life sentence invalid because he was under 18 when he committed his offense. Accordingly, under *Montgomery*, petitioner must now be re-sentenced after a hearing.

1

As for the *Batson* claims, the Court agrees with the Magistrate Judge's conclusion that petitioner is not entitled to relief, but for different reasons. When multiple state courts have reviewed a claim on the merits, federal habeas courts look to the "last reasoned decision" to determine if the petitioner is entitled to habeas relief. *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (citing *Wood v. Quarterman*, 491 F.3d 196, 202 (5th Cir. 2007)). In this case, the last reasoned decision is that of the Louisiana Second Circuit Court of Appeals, which comprehensively reviewed petitioner's *Batson* claims on direct appeal. *See State v. Wilson*, No. 40,767 (La. Ct. App. 2d 8/23/06); 938 So. 2d 1111, *writ denied*, 06-2323 (La. 04/20/07); 954 So. 2d 159 (Mem), *cert. denied sub nom Wilson v. Louisiana*, 128 S. Ct. 275 (Mem). Under 28 U.S.C. § 2254(d), federal courts cannot grant habeas relief on a claim that has been adjudicated on the merits in state court unless the state court's decision: (1) resulted in a decisions that was contrary to, or involved an unreasonable application of, clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, petitioner's arguments focus on the Second Circuit's decision, and he attacks that decision under the standards of § 2254(d). Here, however, the Magistrate Judge did not review the state appellate court's discussion of the *Batson* claims, and instead directly reviewed the trial court's *Batson* ruling for clear error, which is the applicable standard of review for *Batson* issues on direct appeal. The Magistrate Judge did so because she found that the Second Circuit misconstrued the trial court's order as having found a *Batson* violation with respect to jurors Mitchell and Maxile, thus unreasonably applying federal

law.[1] [Doc. #57, pp. 10–13].

The Court does not read the Second Circuit's decision as having misconstrued the trial court's order, nor does the Court agree that the Second Circuit unreasonably applied federal law. Here, the trial court found that the prosecution's reasons for striking Mitchell and Maxile appeared to be pretextual, but were not "significantly faulty" enough to justify finding a *Batson* violation. [R. at 1492–96; Doc. #44-9, pp. 18–22]. According to Report and Recommendation, the Second Circuit *did* find a *Batson* violation. [Doc. #57, p. 12]. The language of the Second Circuit's opinion belies that finding, because the court explicitly recognized that the trial court "correctly concluded that there was no Equal Protection violation and correctly denied the defendant's *Batson* objection." *Wilson*, 938 So. 2d at 1132. Essentially, the Second Circuit upheld the trial court's finding of no *Batson* violation, even though the Second Circuit found that the trial court's inconsistent discussion of pretext was "clearly erroneous." The Second Circuit's analysis was not an unreasonable application of federal law, because the Second Circuit applied the controlling federal precedent for appellate review of *Batson* claims. As the Second Circuit stated, "a reviewing court owes a district judge's evaluation of discriminatory intent great

---

[1] The Magistrate Judge stated that she would "look through" the Second Circuit's decision. [Doc. #57, p. 13]. As petitioner points out, the "look through doctrine" is not a proper basis for declining to review the Second Circuit's decision, because that decision was anything but "silent or ambiguous" with respect to the *Batson* issues. *E.g., Woodfox v. Cain*, 609 F.3d 774, 794 (5th Cir. 2010) (explaining that federal habeas courts generally review the decision of the highest state court, but if that decision is "silent or ambiguous," then federal courts should "look through" to the last clear state decision on the matter). However, it is also apparent that the Magistrate Judge did not purposefully invoke the "look through" doctrine by using that phrase. The Magistrate Judge does not suggest that the Second Circuit's opinion is silent or ambiguous, nor does she cite to a "look through" case as authority for her approach to this matter. Rather, the Magistrate Judge's basis for proceeding directly to the trial court's ruling is her finding that the Second Circuit unreasonably applied federal law, a finding which then allowed her to proceed to the merits without regard to the deference required under 28 U.S.C. § 2254(d). *E.g., Panetti v. Quarterman*, 551 U.S. 930, 948 (2007).

deference, and it should not reverse those determinations unless they are clearly erroneous." *Wilson*, 930 So. 2d at 1125 (citing *Hernandez v. New York*, 500 U.S. 352, 365 (1991); *Batson*, 476 U.S. at 98, n. 21; *State v. Elie*, 2005-1569 (La. 07/10/06), 936 So. 2d 791). Despite recognizing the great deference it owed, the Second Circuit analyzed the voir dire record, at length, and found that the trial judge clearly erred when he suggested that the reasons for striking against Mitchell and Maxile appeared to be pretextual. *Wilson*, 938 So. 2d at 1131–34.

The Second Circuit correctly interpreted the trial judge's order and reasonably applied clearly established federal law when reviewing it. As such, this court on federal habeas review must review the Second Circuit's decision and not the trial court's order directly. However, despite the Court's disagreement with the Report and Recommendation's reasoning, the Court reaches the same result because petitioner's challenges to the Second Circuit's decision fail under 28 U.S.C. § 2254(d).

At bottom, petitioner is claiming that the Second Circuit unreasonably applied federal law when it did not defer to the trial court's comments on pretext as to Mitchell and Maxile. Petitioner points out that the Second Circuit's decision in his case was an "outlier" in that court's *Batson* jurisprudence. [Doc. #58, p. 22]. He cites to numerous cases in which the Second Circuit refused to overturn a trial judge's factual determination on a *Batson* issue based on the "great deference" afforded to the trial court. *Id.* at 22–26, nn.11–12. He claims that the Second Circuit failure to apply the same degree of deference in this case was an unreasonable application of law. Not so. The Supreme Court has held that the deference afforded to trial court's *Batson* ruling is not an insurmountable hurdle to reversal, so long as the appellate court finds that the trial court's factual findings were wrong based on clear and convincing evidence. *Miller-El v.*

4

*Dretke*, 545 U.S. 231, 240 (2005). Although *Miller-El* involved a trial court's finding that there was *not* pretext, it stands to reason that a trial court's suggestion that there *was* pretext can likewise be reversed if the appellate court finds that such a suggestion was incorrect based on clear and convincing evidence. The Second Circuit found that to be the case here, and doing so was not an unreasonable application of clearly established federal law. Accordingly, habeas relief is not available under 28 U.S.C. § 2254(d)(1).

As for petitioner's argument that the Second Circuit made an unreasonable factual determination in light of the evidence, that argument also lacks merit. Petitioner has not rebutted the presumption of correctness of the Second Circuit's findings by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Brown v. Epps*, 686 F.3d 281, 286 (5th Cir. 2002). Here, the Second Circuit made a reasonable determination that the state struck the challenged jurors for race-neutral reasons that the were not pretextual, including: reluctance to impose the death penalty, distrust of police, over-sympathy toward troubled youth, and possible hardship or distraction during jury service.[2] *Wilson*, 938 So. 2d at 1127–36. Accordingly, habeas relief is not available under 28 U.S.C. § 2254(d)(2).

Thus, the court agrees with the ultimate result of granting habeas relief as to petitioner's sentencing claim, but not his *Batson* claims, and it will issue a judgment accordingly. Additionally, the court will deny petitioner's unopposed motion to stay all federal proceedings while he seeks re-sentencing in state court. [Doc. #59]. The court is already directing the state to

---

[2] The Report and Recommendations "clear error" review reaches essentially same conclusion with respect to all of the challenged strikes. [Doc. #57, pp. 14–28]. The court agrees with the Magistrate Judge's exhaustive analysis and conclusions as to each juror. Had clear error review of the trial court's order been applicable, then the court would have adopted the Report and Recommendation wholesale.

to grant that relief, and there is no need no need to stay consideration of the *Batson* claims, which will not be affected by the re-sentencing. Finally, the court will be issuing a certificate of appealability as to the *Batson* claims. In the court's view, petitioner has made the requisite "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Accordingly, for the reasons assigned in this memorandum ruling, in addition to the reasons assigned in the Report and Recommendation of the Magistrate Judge previously filed herein, [Doc. #57], and having conducted a *de novo* review the record, including the written objections filed, [Doc. #58], and concurring with the conclusion of the Magistrate Judge under the applicable law:

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation. [Doc. #57], be and is hereby **ADOPTED** and that petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254, [Doc. #1], be and is hereby **GRANTED IN PART** and **DENIED IN PART**, as follows:

**IT IS ORDERED** that claim II of the petition, [Doc. #1], which argues that petitioner's mandatory life-without-parole sentence is unconstitutional, be and is hereby **GRANTED**; The court hereby grants a **CONDITIONAL WRIT** of habeas corpus with respect to claim II, such that petitioner will be released from custody unless the state re-sentences petitioner in accordance with *Montgomery v. Louisiana*, 136 S. Ct. 718, such re-sentencing to occur within a reasonable period of time;

**IT IS FURTHER ORDERED** that counsel for the state shall promptly notify the First Judicial District Court, Caddo Parish, Louisiana, of this court's order necessitating re-sentencing after a hearing;

**IT IS FURTHER ORDERED** that claims I and III of the petition, [Doc. #1], which argue that petitioner is entitled to habeas relief because the state violated *Batson v. Kentucky*, 476 U.S. 79 (1986), be and are hereby **DENIED and DISMISSED, WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that petitioner's unopposed motion to stay and for abeyance of federal proceedings, [Doc. #59], be and is hereby **DENIED**.

THUS DONE AND SIGNED, in chambers, in Shreveport, Louisiana, this 8 day of April, 2016.

**DONALD E. WALTER**
**UNITED STATES DISTRICT JUDGE**

7